UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Patricia Worrall,<br><br>　　　　　Plaintiff,<br>v.<br><br>Capital Link Management LLC; and Does 1-10, inclusive,<br><br>　　　　　Defendants. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Patricia Worrall, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

3. The Plaintiff, Patricia Worrall ("Plaintiff"), is an adult individual residing in Maineville, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. The Defendant, Capital Link Management LLC ("Capital"), is a New York business entity with an address of 100 Corporate Parkway, Suite 106, Amherst, New York 14226, operating as a collection agency, and is a "debt collector" as the term is defined by 15

U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Capital and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Capital at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Capital for collection, or Capital was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Capital Engages in Harassment and Abusive Tactics**

11. Within the last year, Capital contacted Plaintiff and several of Plaintiff's family members in an attempt to collect the Debt.

12. On or about January 30, 2020, Capital left a voicemail message on Plaintiff's brother's cellular telephone number.

13. In its message on Plaintiff's brother's cellular telephone, Capital stated that it was attempting to reach Plaintiff regarding a "delinquent file" and requested a call back to discuss "options to resolve it" before the creditor "removes it and looks to move forward."

14. Plaintiff's brother is not associated with Plaintiff's Debt and is not responsible for the repayment of Plaintiff's Debt.

15. On or about January 30, 2020, Capital also left a voicemail message on Plaintiff's cellular telephone number.

16. In its voicemail message for Plaintiff, Capital stated that that it "had been recently retained regarding a delinquent file of yours" and claimed to be a "legal advocate on [Plaintiff's] behalf."

17. In the January 30, 2020 voicemail message for Plaintiff, Capital failed to disclose that the call was from a debt collector, as required by law.

18. Capital's false, deceptive and misleading statement that it was a "legal advocate" for Plaintiff and failure to state that it was a debt collector, caused Plaintiff significant confusion.

19. Thereafter, Plaintiff contacted Capital and confirmed it had the correct contact and location information for Plaintiff.

20. On or about February 18, 2020, Capital left a voicemail message on Plaintiff's cellular telephone number and failed to disclose the name of the company and further failed to disclose that the call was from a debt collector, as required by law.

21. The following day, despite knowing that it already had the correct contact information for Plaintiff, Capital called Plaintiff's mother-in-law.

22. Capital falsely informed Plaintiff's mother-in-law that it was trying to get in contact with Plaintiff regarding a delinquent account.

23. Plaintiff's mother-in-law is not associated with Plaintiff's Debt and is not responsible for repayment of Plaintiff's Debt.

24. Capital's actions caused Plaintiff a great deal of embarrassment, humiliation,

stress, and anxiety.

### C. **Plaintiff Suffered Actual Damages**

25. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

26. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

27. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

30. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

31. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

33. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

34. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

35. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

36. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

37. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

38. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

39. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

40. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendants, awarding the Plaintiff statutory damages

of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.  Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.  Against the named Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

5.  Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 3, 2020

        Respectfully submitted,

        By /s/ Sergei Lemberg

        Sergei Lemberg, Esq. (SL 6331)
        LEMBERG LAW, LLC
        43 Danbury Road, 3d Floor
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        Attorneys for Plaintiff